UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>MASARWEH GROUP, INC.,<br><br>    Defendant. | Case No. 21-cv-03504-DMR<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 20 |

Plaintiff Brian Whitaker filed this action on May 11, 2021. He filed a notice of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(1) on November 10, 2021. [Docket No. 18.] On September 11, 2021, Plaintiff filed an ex parte application for entry of a stipulated judgment for $9,000, asserting that Defendant Masarweh Group, Inc. has defaulted on its obligations under the parties' settlement agreement. He asks the court to enter a stipulated judgment that the parties executed in October 2021 as part of their settlement. [Docket No. 20.]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Enforcement of a settlement agreement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Accordingly, where a settlement agreement results in dismissal of an action and the court has not retained jurisdiction as part of the dismissal, any subsequent issues that arise are considered "a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit." *Id.* at 381.

Here, Plaintiff dismissed the case voluntarily without a court order and the court did not

retain jurisdiction over the parties' settlement agreement. Accordingly, the court lacks jurisdiction to enforce the settlement agreement. Any action to enforce the agreement must be brought in state court as a breach of contract claim. *See Kokkonen*, 511 U.S. at 381-82 (in the absence of action by the court to retain jurisdiction as part of a dismissal, "enforcement of the settlement agreement is for state courts."); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (holding that district court lacked jurisdiction to enforce settlement where it did not expressly retain jurisdiction and did not incorporate the terms of the settlement into the dismissal, even though the judge stated at settlement conference that he intended to retain jurisdiction). Accordingly, Plaintiff's request for entry of judgment is denied.

**IT IS SO ORDERED.**

Dated: September 14, 2023



Donna M. Ryu
Chief Magistrate Judge